# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### MARCH TERM, 1893.

JESSE HOLT, Respondent, v. RICHARD MORTON *et al.*, Appellants. | 53 187 | 81 420 |

St. Louis Court of Appeals, March 7, 1893.

Practice, Appellate: VERDICT AGAINST THE EVIDENCE. The judgment in this cause is reversed, on the ground that the verdict is inconsistent with the admissions of the successful party and the uncontradicted evidence.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED.

*McKee & Jayne,* for appellants.

*John D. Smoot* and *Mudd & Wagner,* for respondent.

BRIGGS, J.—On the third day of May, 1888, the defendants executed and delivered to the plaintiff their promissory note for $500, bearing interest from its date at the rate of ten per cent. per annum. The plaintiff alleged that the note was lost. The defendants admitted the execution of the note, but denied that it was lost. Richard Morton, who was the principal in the note, claimed that on the fifth day of February, 1890, he paid to the plaintiff the sum of $390, which was entered as a credit on the note, and that on the thirteenth day of October following he paid to the plaintiff the balance due, took up the note and destroyed it. The plaintiff admitted the credit of $390, but claimed that the money was paid in October, 1890, and not in February, 1890, as claimed by Morton. The plaintiff denied that any other payment had been made. The case was tried on the eleventh day of February, 1892, and the jury returned a verdict against the defendant for $241.60. The defendant has appealed, and argues for a reversal upon the sole ground that the finding of the jury is unsupported by the evidence.

An examination of the evidence, which is set out in full in defendants' brief, has convinced us that the result reached by the jury cannot be sustained on any theory which is consistent with the plaintiff's admissions and the uncontroverted evidence in the case.

The plaintiff and the defendant Morton were called as witnesses, and they contradicted each other as to the date of the credit of $390. The defendant said that he paid the money on the fifth day of February, 1890; that on the thirteenth day of October following he paid the balance due on the note, amounting at that time to about $225, and that he received the money with which to make the last payment from the sale of some mules. It was admitted that the mules were sold on the eleventh

day of October, 1890. The plaintiff testified that the $390 was paid in October, 1890, and that the money was received by Morton from the sale of the mules. It will be perceived that under the plaintiff's admissions his case is discredited, unless the money which represents the credit for $390 was in fact paid in October, 1890, and that it was the money which Morton received from the sale of the mules. Therefore, if the jury found that the payment of $390 was made on the fifth day of February, 1890, then the finding in favor of the plaintiff for the balance due was unwarranted, as the plaintiff admits that he received enough money from Morton in October, 1890, to pay whatever was then due on the note. That the jury did so find is almost conclusively shown by the amount of the verdict; for if the payment was made on the eleventh day of October, 1890, and the jury so found, then the finding should have been for $263 instead of $241.60. The difference between these amounts represents very nearly the interest on $390 from February 5th to October 11th, thus showing with reasonable certainty that the jurors found that the date of the credit was as claimed by Morton, and that their calculation of the amount due on the note was made on that basis.

This conclusion is very much strengthened by other evidence. When the whole evidence is considered, it is quite difficult to understand how the jurors could have arrived at a different conclusion as to the date of the credit. For instance, the plaintiff admitted that the $390 were paid before Morton's son started to California. It was an undisputed fact that the son started to California in the latter part of February, 1890, and was seen in California by an acquaintance about the tenth or twelfth day of March, 1890. The plaintiff admitted that he received the money before he built a certain house for his son. The evidence of the

carpenter who built the house, as well as that of the lumber dealer who sold the lumber, shows that the house was built in the latter part of February, 1890. The plaintiff says that, at the time Morton paid the money, the latter calculated the interest then due on the note and ascertained that it amounted to about $90. This was within $2 of the accrued interest on February 5, 1890. The plaintiff admits that at the time he thought the computation of the interest was correct.

We are, therefore, fully justified in the statement that the jury found the date of the credit to have been February 5, 1890, and, having so found, they ought under the conceded facts to have found that the note was paid off in the month of October following.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. It is so ordered.